UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -v-                                                     19-CR-96 (LTS)

ERNEST HORGE,

                    Defendant.

-------------------------------------------------------------------X

## MEMORANDUM ORDER

Defendant Ernest Horge ("Mr. Horge") moves (1) to sever his trial from that of his co-defendant Sydney Scales, (2) for a bill of particulars, and (3) to dismiss the above-captioned Indictment. (Docket Entry No. 102, the "Motion.") The Court has carefully considered the submissions of the parties, including the Government's opposition brief dated October 9, 2020 (Docket Entry 109, "Opp."),[1] and, for the following reasons, denies Mr. Horge's Motion in its entirety.

## BACKGROUND

The Indictment in this case comprises four counts. (Docket Entry No. 2, the "Indictment.") Count One charges Mr. Horge and Mr. Scales with violating 21 U.S.C. section 846 by participating in a narcotics conspiracy between 2016 and 2019, involving 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, and one kilogram and more of mixtures and substances containing a detectable amount of heroin, all in

---

[1]     Mr. Horge did not file a reply.

violation of 21 U.S.C. section 841(b)(1)(A), as well as mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. section 841(b)(1)(C). Count Two charges Mr. Horge and Mr. Scales with knowingly using, carrying, and possessing firearms, and aiding and abetting the use, carrying, and possession of firearms, some of which were brandished and discharged, during and in relation to the narcotics distribution conspiracy charged in Count One, in violation of 18 U.S.C. sections 924(c)(1)(A)(i), (ii), (iii), and 2. Count Three charges Mr. Scales with a conspiracy to commit murder for hire, arising out Mr. Scales's alleged agreement to compensate others for the location and killing of a rival drug dealer, in violation of 18 U.S.C. section 1958. Count Four charges Mr. Scales with using, carrying, and possessing firearms (and aiding and abetting the same) in connection with the conspiracy charged in Count Three.[2]

DISCUSSION

In his Motion, Mr. Horge makes three requests. First, he seeks to sever his trial from that of Mr. Scales, arguing that he would suffer "spillover prejudice" from Mr. Scales's murder-for-hire charges if he and Mr. Scales were tried together; that his defense is "antagonistic" to that of Mr. Scales; that the "size, complexity, and length" of a joint trial would "preclude jurors from properly assessing the evidence and distinguishing each defendant's

---

[2] The Government has on several occasions advised the Court, and Defendants, that it may bring additional charges against Mr. Scales, "stemming from the June 9, 2017 murder of Joshua Lopez, a/k/a 'Mohall,' in front of a barbershop at 1135 East Tremont Avenue in the Bronx (the 'Lopez Murder')." (Opp. at 2.) The Government does not intend to charge Mr. Horge in any additional counts stemming from the Lopez Murder, but proffers that Mr. Scales "called upon" Mr. Horge to "visit the scene of the Lopez Murder shortly after it occurred" (id. at 16), and that "[e]ven if the Lopez Murder were not charged in separate counts . . . the incident would still constitute one instance of a drug-related discharge of a firearm, as alleged in Count Two of the existing Indictment." (Id. at 2 n.1.)

individual degree of culpability"; that the evidence against Mr. Scales is "far more voluminous" than the evidence against Mr. Horge; that Mr. Scales may seek to impeach Mr. Horge's testimony; and that curative instructions would be inadequate to address prejudice arising from these circumstances.  (Motion at 3-8.)  Second, he seeks an order directing the Government to produce a bill of particulars, including the identities of unindicted co-conspirators.  (Id. at 8-12.)  Third, he seeks dismissal of the Indictment.  (Id. at 12.)

*Severance*

A district court may sever the trials of defendants properly joined under Federal Rule of Criminal Procedure 8 if "the joinder of offenses or defendants . . . appears to prejudice a defendant."  Fed. R. Crim. P. 14(a).  "[T]he burden is upon a moving defendant to show facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial."  United States v. Chang An-Lo, 851 F.2d 547, 556 (2d Cir. 1988) (quoting United States v. Burke, 700 F.2d 70, 83 (2d Cir. 1983)).  This is a "heavy" burden.  United States v. Delgado, 972 F.3d 63, 81 (2d Cir. 2020), as amended (Sept. 1, 2020).  Indeed, on appeal of an order denying a severance motion, it is "not enough . . . to demonstrate that separate trials would have increased the chances of the [defendant's] acquittal."  Id. (quoting United States v. Spinelli, 352 F.3d 48, 54-55 (2d Cir. 2003)).  "Instead, the defendant must 'show prejudice so severe as to amount to a denial of a constitutionally fair trial, or so severe that his conviction constituted a miscarriage of justice.'"  Delgado, 972 F.3d at 81 (quoting United States v. Blount, 291 F.3d 201, 209 (2d Cir. 2002)).  The decision to sever is "committed to the sound discretion of the trial judge."  Delgado, 972 F.3d at 81 (quoting Chang An-Lo, 851 F.2d at 556).

In this case, there is no dispute that Mr. Horge and Mr. Scales were properly charged in a single indictment.  In its opposition brief, the Government proffers that it intends to

present substantial evidence linking Mr. Horge's conduct to that of Mr. Scales as participants in a narcotics distribution conspiracy between 2016 and 2019. (Opp. at 2-6.) For example, the Government proffers that a cooperating witness would testify that Mr. Horge began selling Mr. Scales's crack product soon after moving to the Bronx in or around 2016, that the cooperating witness delivered crack from Mr. Scales to Mr. Horge "on several occasions," and on one occasion was in Mr. Scales's vehicle when Mr. Horge brought Mr. Scales crack cocaine so that Mr. Scales could deliver it to other dealers. (Id. at 3-4.) Another cooperating witness would testify that, after he or she communicated with Mr. Scales on several occasions to set up purchases of crack cocaine, Mr. Horge twice actually delivered the product. (Id. at 4.) The Government further proffers that a different witness would testify to having been physically present with both Mr. Scales and Mr. Horge, during drug transactions, when guns were visible, and that another would testify to having been present when Mr. Scales spoke to Mr. Horge and others "about the number and locations of guns that they had control over and could use if needed." (Id. at 5.) The efficiency inherent in holding a single trial for the presentation of such overlapping evidence is one reason why the law carries "a strong presumption in favor of joint trials for jointly indicted defendants." United States v. Van Sichem, No. 89-CR-813 (KMW), 1990 WL 41746, at *1 (S.D.N.Y. Apr. 2, 1990) ("Joint trials serve the interests of the government, the accused, and the public by eliminating the additional expense and repetition associated with successive prosecutions.").

        Mr. Horge's arguments for severance do not satisfy his heavy burden of showing that a joint trial would cause him such severe prejudice as to amount to a denial of a constitutionally fair trial. Mr. Horge's anticipated "antagonistic" defense (which will be to deny possession of certain of the narcotics, "while implicating Mr. Scales" (Motion at 4)) is not

necessarily antagonistic (see Opp. at 12-14), particularly since others are allegedly connected to the narcotics.  Such defenses are common in narcotics conspiracy cases, and this is not the "rare case" where "mutually antagonistic defenses" warrant severance.  United States v. Nadeem, No. 13-CR-0424 (BMC), 2014 WL 3563407, at *6 (E.D.N.Y. July 18, 2014), aff'd sub nom. United States v. Muzaffar, 714 F. App'x 52 (2d Cir. 2017).  "[I]n order to make a showing of 'mutually antagonistic' or 'irreconcilable defenses,' the defendant must make a factual demonstration that 'acceptance of one party's defense would tend to preclude the acquittal of [the] other.'"  United States v. Salameh, 152 F.3d 88, 116 (2d Cir. 1998) (quoting United States v. Smith, 788 F.2d 663, 668 (10th Cir. 1986)).  Accord Nadeem, 2014 WL 3563407, at *5.  Indeed, Mr. Horge's claim that he might implicate Mr. Scales, who then might attempt to "impeach" Mr. Horge, thereby "preventing him from exercising his constitutional right to testify on his own behalf" (Motion at 3), is speculative at this point, since neither defendant's trial strategy is certain, and proper instructions can provide sufficient protection in all but the rarest of circumstances.  See United States v. Tuzman, 301 F. Supp. 3d 430, 444 n.6 (S.D.N.Y. 2017) ("mere finger pointing among codefendants is not sufficient to warrant severance") (citations omitted).

        The relatively larger volume of evidence against (and alleged culpability of) Mr. Scales, and any resulting increase in trial length, also do not warrant severance, especially in light of the relatively small number of defendants in this case and the Government's proffer of substantial overlapping evidence against them.  Delgado, 972 F.3d at 81 ("As we have explained elsewhere, however, differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials. . . . Indeed, not only are joint trials constitutionally permissible when they place defendants who are . . . marginally involved alongside those heavily involved; they are often particularly appropriate in

circumstances where the defendants are charged with participating in the same criminal conspiracy.") (citations and internal quotation marks omitted).  Finally, any "spillover prejudice" from the Government's presentation of evidence related to Mr. Scales's murder-for-hire charges can be adequately addressed through appropriately-tailored curative instructions.  United States v. Page, 657 F.3d 126, 129 (2d Cir. 2011) ("less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice and permit joinder") (citation and internal quotation marks omitted).  Accordingly, the severance aspect of Mr. Horge's Motion is denied.

*Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) provides in pertinent part that: "[t]he court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Fed. R. Crim. P. 7(f).  Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).  "The important question is whether the information sought is necessary, not whether it is helpful."  United States v. Facciolo, 753 F. Supp. 449, 451 (S.D.N.Y. 1990).  Indeed, the "[w]heres, whens, and with whoms" of the conspiracy are "beyond the scope of a bill of particulars."  Tuzman, 301 F. Supp. 3d at 451 (citations and internal quotation marks omitted).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

In this case, the Government has provided Mr. Horge with sufficient information to identify the charges against him, prepare for trial, prevent surprise, and to interpose a plea of double jeopardy.  In addition to the Indictment itself, the Government reports that it has produced to Mr. Horge discovery which includes "reports and recordings of approximately 19 controlled drug buys involving Horge (in addition to buys from Scales)," specifically identifying "the dates, times, locations, substances, and weights involved"; "detailed information about the Garden Street Apartment [where much of the conspiracy was allegedly based], a search of that apartment, and physical evidence seized there"; "law enforcement reports and records for several shooting incidents that are relevant to the charges in this case, as well as phone records and extractions from phones used by the defendants and their co-conspirators"; and "copies of legal process that the Government obtained and executed as part of its investigation, each of which contains a discussion of 'Probable Cause' that describes the case and evidence."  (Opp. at 25.)  Moreover, the Government's opposition brief includes a detailed account of at least some of the evidence it intends to offer against Mr. Horge.  (See id. at 2-6.)  In light of the Government's prior productions and disclosures, the additional "wheres, whens, and with whoms" sought by Mr. Horge (see Motion at 10-12) are of the type "routinely denied" in the Second Circuit.  United States v. Ma, No. 03-CR-734 (DAB), 2006 WL 708559, at *14 (S.D.N.Y. Mar. 21, 2006).  Accord United States v. Jones, No. 10-CR-905 (LTS), 2013 WL 12180869, at *2 (S.D.N.Y. Dec. 16, 2013) ("Defendant is not entitled to know each overt act that the Government will seek to prove the Organization conspired to commit, nor is Defendant entitled at this point to

know each predicate act of racketeering that participants allegedly conspired to accomplish."). The Court therefore denies Mr. Horge's Motion insofar as it seeks a bill of particulars.[3]

*Dismissal of the Indictment*

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is facially sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998). The Second Circuit has "consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Pirro, 212 F.3d 86, 92 (2d Cir. 2000) (citations and internal quotation marks omitted).

Aside from his conclusory assertion that the Indictment is "insufficient on its face," Mr. Horge does not claim that the Indictment fails to meet this low threshold. Instead, Mr. Horge argues that "there remains no proof" of a conspiracy between Mr. Horge and Mr. Scales, and that the Government has "failed to demonstrate" that Mr. Horge conspired, participated in

---

[3] The Court is also persuaded that, on the specific facts of this case, concerns about witness safety and tampering weigh against directing the Government to disclose the identities of all unindicted co-conspirators to Mr. Horge. (See Opp. at 25-26.) See also United States v. Johnson, No. 16-CR-457-1 (NGG), 2017 WL 11490480, at *5 (E.D.N.Y. May 24, 2017) ("Courts faced with requests for bills of particulars identifying unindicted co-conspirators are required to consider factors including the 'duration and breadth of the alleged conspiracy,' 'whether the Government otherwise has provided adequate notice' of the identities of co-conspirators, 'the volume of pre-trial discovery,' and any risk to the alleged co-conspirators or the Government's investigation.") (quoting United States v. Nachamie, 91 F. Supp. 2d 552, 572 (S.D.N.Y. 2000), aff'd, 28 F. App'x 13 (2d Cir. 2001)). Having weighed the factors set forth in Nachamie and relevant standards, the Court concludes that they do not favor disclosure here.

the conspiracy, used or possessed a weapon, or "had any connection to any records relating to Mr. Scales' conspiracy." (Motion at 12.) These challenges to the Government's proof may be relevant at trial, but are not grounds for dismissal of an indictment. United States v. Forde, No. 18-CR-00339 (PAC), 2020 WL 4288281, at *1-3 (S.D.N.Y. July 27, 2020) (denying motion for dismissal of the indictment—brought by the same defense counsel as in this case—based on the government's allegedly insufficient proof, after explaining that the "overwhelming weight of authority [made] clear the fatal flaw in Forde's motion"); United States v. Elson, 968 F. Supp. 900, 905 (S.D.N.Y. 1997) ("[A]t this stage in the proceedings, such a challenge to the sufficiency of the evidence does not provide a basis for dismissal of the Indictment . . . because the Government is not required to demonstrate the sufficiency of its proof until the close of its case-in-chief at trial."). The Court therefore denies Mr. Horge's Motion insofar as it seeks dismissal of the Indictment.

## Conclusion

For the foregoing reasons, Mr. Horge's Motion to sever, dismiss, and for a bill of particulars is denied in its entirety.

Docket Entry No. 102 is resolved. The next pretrial conference in this case is scheduled to be held on November 12, 2020.

SO ORDERED.

Dated: New York, New York
October 26, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge